# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| Sherry Reese,<br><br>                Plaintiff,<br>v.<br><br>Consolidated Credit Counseling Services, Inc.,<br><br>                Defendant. | Civil Action No.: 5:15-cv-397<br><br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Sherry Reese, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Sherry Reese ("Plaintiff"), is an adult individual residing in San Antonio, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant, Consolidated Credit Counseling Services, Inc. ("Consolidated"), is a Florida business entity with an address of 5701 West Sunrise Boulevard, Suite 200, Fort Lauderdale, Florida 33313, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Within the last year, Consolidated placed calls to Plaintiff's cellular telephone, number 210-xxx-7727, in an attempt to solicit its services to Plaintiff.

6. The calls were placed from telephone number 954-377-9222.

7. When Plaintiff answered Consolidated's calls, she heard silence followed by an automated click before she was transferred to a Consolidated operator.

8. The foregoing is indicative of a predictive dialer, an automatic telephone dialing system ("ATDS") under the TCPA.

9. During a conversation with a live representative, Plaintiff advised Consolidated that she was not interested in Consolidated's services and directed Consolidated to remove her number from its system and to cease all calls to her.

10. Nevertheless, Consolidated continued to place automated calls to Plaintiff's cellular telephone.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. Defendant called Plaintiff on her cellular telephone using an ATDS.

13. The Federal Communications Commission ("FCC") defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*.

14. The TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

15. When Plaintiff answered the phone, she heard silence and a click before Defendant's telephone system would connect her to the next available representative.

16. Upon information and belief, Defendant's Predictive Dialer(s) have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Plaintiff revoked consent to be called at her cellular number.

18. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

21. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 14, 2015

Respectfully submitted,

By:   */s/ Sergei Lemberg*

Sergei Lemberg, *Attorney-in-Charge*
Connecticut Bar No. 425027
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: slemberg@lemberglaw.com
Attorneys for Plaintiff